IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY SMITH,

        Plaintiff,                    No. 2:12-cv-0494 KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. §§ 1985 and 1986, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

While not entirely clear, it appears plaintiff contends that unnamed prison officials at "California Department of Corrections at Mule Creek State Prison" are "secretly/covertly

conspiring to torture [plaintiff] via their sty-net/produce farm/MFI network by shocking [plaintiff] inside and outside [plaintiff's] cell via implant and other external 'electromagnetic devices' which emit heat waves causing parts of [plaintiff's] body to 'heat up' and cause incidental sudden pains and shocks!" (Dkt. No. 1 at 2.)  Plaintiff appears to allege that Assistant U.S. Attorney Philip Berns and FBI agent Drew S. Parenti have joined in this alleged conspiracy to torture plaintiff by failing or refusing to investigate plaintiff's allegations.  (Id.)  Plaintiff provides numerous exhibits, some of which indicate plaintiff has made the same allegations concerning prison officials at California State Prison, Corcoran, and in Jamestown, California.  (Dkt. No. 1 at 27, 32, 47, 73, 75.)  For example, plaintiff claims that "in or around 2004" he was admitted to the crisis bed at Corcoran's CTC hospital, during which he was "injected with something that thereafter made [him] hear voices in [his] mind, and subsequently this same substance or device caused [plaintiff] "shock pains" to various parts of [his] body throughout the day." (Dkt. No. 1 at 73.)

Because this action is frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).  Accordingly, plaintiff's complaint is dismissed, and plaintiff's request to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of this ruling, plaintiff's motion for clarification is denied as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is denied;

2. This action is dismissed; and

3. Plaintiff's April 6, 2012 motion for clarification (dkt. no. 5) is denied as moot.

DATED: May 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smit0494.dsm

3